UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD HARRIS,

                           Plaintiff,

                                                                         DECISION AND ORDER

                                                                          11-CV-6299L

          v.

MICHAEL ASTRUE, Commissioner of
Social Security,

                           Defendant.
_____

## INTRODUCTION

Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

On April 16, 2007, plaintiff filed applications for disability insurance benefits and Supplemental Security Income, alleging disability beginning June 1, 2003, due to degenerative disc disease, diabetes, hypertension, and depression. (Tr. 17, 101-11, 119-20). The Commissioner denied those applications on August 9, 2007. (Tr. 17, 48-56). Thereafter, the plaintiff requested a hearing in front of an administrative law judge ("ALJ"), and a video hearing was held on October 23, 2009, before ALJ John P. Ramos. (Tr. 17, 26-43, 59). The ALJ reviewed the case *de novo* and, on February 5, 2010, found that plaintiff was not disabled under the Social Security Act. (Tr. 17-25).

The Appeals Council then denied plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (Tr. 1-3). Plaintiff now appeals.

The plaintiff has moved (Dkt. #9), and the Commissioner has cross moved (Dkt. #10) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the following reasons, the Commissioner's motion is granted, plaintiff's motion is denied, and the complaint is dismissed with prejudice.

## DISCUSSION

**I. Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the statute directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 16 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater,* 117 F.3d 29, 33 (2d Cir. 1997)). Still, "it is not the function of a reviewing court to decide *de novo* whether a plaintiff was disabled." *Melville v. Apfel,* 198 F. 3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not

substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).

## II. The ALJ's Decision

The determination of whether a plaintiff is disabled within the meaning of the Social Security Act ("SSA") requires an ALJ to follow a well established five-step sequential evaluation. *See Bowen v. City of New York,* 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the plaintiff is engaged in substantial gainful work activity. *See* 20 C.F.R. §404.1520(b). If so, the plaintiff is not disabled. If not, the ALJ proceeds to step two, and determines whether the plaintiff has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, *i.e.*, that imposes significant restrictions on the plaintiff's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the plaintiff's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 C.F.R. § 404.1509), the plaintiff is disabled. If not, analysis proceeds to step four, and the ALJ determines the plaintiff's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e), (f). Then, the ALJ determines whether the plaintiff's RFC permits him to perform the requirements of his past relevant

work. If so, the plaintiff is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the plaintiff is not disabled, by presenting evidence demonstrating that the plaintiff "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir. 1986)); 20 C.F.R. § 404.1560(c).

Here, ALJ Ramos issued a thorough decision analyzing plaintiff's disability claim, and made detailed findings of fact that were supported by relevant evidence of record. Upon careful review, I believe the ALJ applied the correct legal standards, and that his finding that plaintiff was not totally disabled is supported by substantial evidence. Accordingly, I see no reason to modify the ALJ's decision.

### A.  ALJ'S Assessment of the Medical Record

The ALJ carefully set forth the relevant medical evidence he relied upon in concluding that plaintiff was not totally disabled. Upon review, I believe the evidence supports the ALJ's conclusion that plaintiff was not totally disabled due to the ALJ's findings at steps three, four and five, where the ALJ concluded the following: (1) plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1; (2) plaintiff retained the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(b) and 416.967(b); and (3) there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

In determining plaintiff's RFC, the ALJ considered, *inter alia*, plaintiff's reported symptoms as well as the medical evidence of record.  The ALJ carefully evaluated the evidence from all of plaintiff's treating medical physicians:  Dr. Paul Povanda (his primary care physician), Dr. Ashraf Sabahat (his pain management doctor), Dr. Look Persaud (an internist), and Dr. Sara Long (a psychiatrist who evaluated plaintiff for depression).

In assessing the medical opinion of Dr. Povanda, the ALJ correctly noted that although in a 2007 report for the Department of Social Services, Dr. Povanda opined that plaintiff was not capable of working in any capacity, this finding was not entitled to any special weight, as it amounts to a conclusion of law that is reserved to the judgment of the Commissioner and the ALJ.  The ALJ further noted that Dr. Povanda's legal conclusion here, that plaintiff was not capable of participating in work activities, was not supported by either the doctor's earlier treatment notes or any objective findings of specific functional limitations.  (Tr. 21-22).

The ALJ also considered the opinion of plaintiff's pain specialist, Dr. Sabahat.  The ALJ noted that although Dr. Sabahat found plaintiff was tender with deep palpation over his lumbar spine, plaintiff's straight leg raising was negative on both legs, and further there was no weakness found in any of the muscle groups in plaintiff's lower extremities, nor any focal neurological deficits noted.  (Tr. 22).

Additionally, the ALJ considered the opinion of examining internist Dr. Persaud arising from plaintiff's 2009 consultative examination, giving it weight per Dr. Persaud's examination and treatment of plaintiff and the nature of his medical speciality.  Evaluating Dr. Persaud's report, the ALJ stated that the narrative indicates no limits on sitting, standing, walking on even surfaces, and

no restrictions with fine motor skills involving his hands. (Tr. 23). Although the ALJ noted that in the residual functional capacity statement Dr. Persaud indicated that plaintiff can only sit for a maximum of four hours a day, the ALJ concluded that this statement was not consistent with the rest of the narrative, and rejected it accordingly. (Tr. 23).

Based on this record, the ALJ determined that plaintiff retained the residual functional capacity to perform a full range of sedentary work, defined as work involving lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Sedentary jobs by definition involve sitting, but they also can include a certain amount of standing and walking as necessary to carry out job duties. *See* 20 C.F.C. 404.1567(a), 416.967(a). I find that this determination is supported by substantial evidence.

With respect to non-physical limitations, the ALJ's finding, that plaintiff was not disabled due to depression, was also well supported by substantial evidence. Although plaintiff claims disability due to depression, he has not yet received any treatment. Additionally, he did not attend three scheduled consultative examinations. After being referred for a psychiatric consultative examination subsequent to the hearing, plaintiff was seen on December 2, 2009, by Dr. Long, a psychiatrist. At this meeting, plaintiff reported no psychiatric hospitalizations, outpatient treatment, or current treatment. (Tr. 23). Additionally, Dr. Long did not diagnose any psychiatric condition, and instead opined that the symptoms plaintiff complained of appeared to be "consistent with stress-related problems . . . but [did] not appear to be significant enough to interfere with [plaintiff's] ability to function on a regular basis." (Tr. 370). Accordingly, the ALJ's findings appear to be well supported by substantial evidence.

Plaintiff strenuously argues that the ALJ did not properly assess the opinions of record, including the treating source opinions. He contends that the ALJ, "continually only accept[ed] those portions of each doctor's reports that are supportive of his RFC and omitting those which conflict with his RFC, with no explanation for the most part as to why they are not considered or accepted." Pl.'s Br. at 14. I find this claim to be without merit. As discussed above, the ALJ gave careful weight to the medical record, including the medical opinions of the treating physicians. Additionally, "the opinion of the treating physician is not afforded controlling weight where ... the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical records." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *see Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002) (treating physician's opinion is not controlling when contradicted "by other substantial evidence in the record"); 20 C.F.R. § 404.1527(d)(2). The ALJ assessed all the treating physician opinions of record, and weighed them accordingly.

Notably, plaintiff's RFC as determined by the ALJ did not conflict with any treating source with regard to plaintiff's particular functional limitations. Although plaintiff attempts to claim otherwise, the ALJ's assessment of the medical record was complete and impartial, and I find that the ALJ's conclusions were supported by substantial evidence in the record.

**B. ALJ's Assessment of Plaintiff's Credibility**

I also find that the ALJ's conclusion that plaintiff's self-reports of disabling symptoms were not fully credible was supported by substantial evidence in the record. Although plaintiff argues that

the ALJ did not properly evaluate the credibility of his complaints regarding the intensity, persistence, and limiting effects of his symptoms, these subjective complaints of pain conflict with both the medical evidence of record and plaintiff's own admissions. For example, the ALJ noted that plaintiff's reported activities of daily living were not as restricted as would be expected from someone claiming complete disability. Specifically, plaintiff acknowledged that he personally engaged in cooking, cleaning, shopping, and doing laundry, and he further reported to doctors Persaud and Long that he had no problems performing those activities. (Tr. 369, 376). The ALJ also observed that plaintiff stated that he had no trouble with personal grooming or getting dressed. (Tr. 369, 376). Plaintiff further stated to treating physicians that his hobbies included camping and fishing, occasional hunting, and socializing with friends. (Tr. 369, 376). Based on this evidence, the ALJ concluded that plaintiff's physical limitations are not as severe as plaintiff alleges. I concur with this judgment. Although plaintiff alleges an inability to work due to complete disability, the record of his activities is consistent with the ALJ's finding that plaintiff has a RFC sufficient to perform a full range of sedentary work.

### C. Additional Medical Evidence Submitted to Appeals Council After the ALJ's February 5, 2010 Decision

Shortly after the ALJ's February 5, 2010 decision, plaintiff submitted to the Appeals Council a Chemung County Department of Social Services "Physical Assessment for Determination of Employability," filled out by Dr. Persaud. (Tr. 390-396). In this assessment, Dr. Persaud opined, under the "employability" section, that "[plaintiff] appears permanently disabled, condition is not

expected to improve, and [plaintiff] is unable to participate in any activities." (Tr. 395).   In this same report, however, Dr. Persaud indicated that there was no evidence of limitation with plaintiff's ability to stand, sit, use his hands, and see, hear, or speak, and only moderate limitation with respect to plaintiff's ability to walk and use stairs. (Tr. 394).

Where a plaintiff submits additional evidence to the Appeals Council that was not assessed by the ALJ, the regulations require the Appeals Council to evaluate the evidence only if it relates to the period on or before the date of the ALJ's hearing decision *and* if it is new and material.  20 C.F.R. §§ 404.970(b), 416.1470(b).  Here, the medical assessment of Dr. Persaud relates to the period of time before the ALJ's February 5, 2010 ruling, and so meets the timeliness requirement. (Tr. 392).

Upon examination, however, this evidence does not meet the materiality requirement of the statute.  Dr. Persaud's opinion that plaintiff appeared permanently disabled and unable to do any work is a conclusion of law specifically reserved to the judgement of the Commissioner, pursuant to well-established regulations.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); SSR 96-5p; *see Snell v. Apfel,* 177 F.3d 128, 133 (2d. Cir. 1999) ("[a] treating physician's statement that the plaintiff is disabled cannot itself be determinative").  Accordingly, because Dr. Persaud is not qualified to make such legal conclusions, and since in the same opinion he indicated that plaintiff was not impaired in his ability to stand, sit, use his hands or see, hear or speak–all conclusions that support the ALJ's finding that plaintiff was qualified for a full range of sedentary work–then the inclusion of this report is immaterial insofar as it would not have changed the ALJ's opinion here.  Therefore, it need not be further considered.

In their totality, plaintiff's treating and examining physician reports, his medical records, and his own admissions as to his level of daily activity do not support his claim of total disability. For these reasons, I concur with the ALJ and hold that there is substantial evidence to conclude that plaintiff retains the residual functional capacity to perform the full range of sedentary work. (Tr. 20). I have considered the remainder of plaintiff's arguments and find them to be without merit. As such, I see no basis for modifying the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings (Dkt. #10) is granted, and plaintiff's motion (Dkt. #9) is denied. The Commissioner's decision that plaintiff, Donald Harris, was not disabled is in all respects affirmed, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 3 , 2013.